Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Mark D. Cartwright,** an individual; | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Excel Acquisitions, LLC,** a Massachusetts limited liability company | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff, Mark D. Cartwright, by and through counsel undersigned and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiff accordingly seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. §1337. Venue lies in the Prescott Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiff is a citizen of Coconino County, Arizona.

4. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA §1692a(3).

5. Defendant Excel Acquisitions, LLC ("Excel") is a Massachusetts limited liability company.

6. Excel regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts it has purchased after default, and is a "debt collector" as defined by FDCPA §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about August 29, 2005 Excel mailed or caused to be mailed a letter to Plaintiff concerning an alleged debt owed to First Omni. (A copy of the August 29, 2005 letter is attached hereto as Exhibit A).

8. Exhibit A was the first written communication sent by Excel to Plaintiff concerning this alleged debt.

9. Exhibit A included the verification / validation notice as required under the FDCPA, 15 U.S.C. § 1692g.

10. Pursuant to the letter, and the verification / validation notice under the FDCPA, Plaintiff sent Excel a letter via certified mail disputing the debt and requesting verification.

11. Excel received Plaintiff's letter on September 14, 2005.

12. On or about September 27, 2005, and prior to providing Plaintiff with any verification of the alleged debt, Excel sent Plaintiff a second letter concerning the alleged debt and requested payment. (A copy of the September 27, 2005 letter is attached hereto as Exhibit B).

13. Exhibit B states in bold letters "Not Paying Your Bills Can Impact Your Credit For Years."

14. Exhibit B also states "We want to work with you to restore your good credit."

15. Excel states in Exhibit B that "Your failure to respond to our previous letter has left us no other alternative than to believe the debt is valid and you have no dispute to the validity of this debt."

16. Excel also states in Exhibit B that "Failure to respond or contact this office within 15 days of receipt of this letter will void this settlement offer. Furthermore, your account will be initiated to PRE-LEGAL status and reviewed for our criteria for LITIGATION."

17. In sending Plaintiff Exhibit B, Excel falsely represented to Plaintiff that his failure to pay this alleged debt would result in the reporting of the account to the national credit bureaus.

18. In sending Plaintiff Exhibit B, Excel falsely represented to Plaintiff that his credit standing with the national credit bureaus would be improved by his paying this alleged debt.

19. In sending Plaintiff Exhibit B, Excel also falsely represented to Plaintiff that his failure to pay this alleged debt owed to First Omni would result in Excel bringing a lawsuit against him to collect the alleged debt.

20. Upon information and belief, Excel had no authority or intention to bring suit against Plaintiff on the alleged debt.

21. Subsequent to receiving Exhibits A and B, Plaintiff pulled a copy of his Equifax

1     credit report to determine whether Excel had reported this account to the credit
2     bureau(s).
3  22. The Equifax report reflected that Excel had reported the account in August 2005
4     showing a balance owed of $10,720.
5  23. The Equifax report also showed that Excel had falsely reported the account with a
6     date of first delinquency of July 2004.
7  24. At the time Excel reported the account to Equifax, it knew or should have known that
8     the account was more than ten (10) years in default, and was too old to report to the
9     credit bureau(s).
10 25. Upon information and belief, Defendant's collection practices regularly include false
11    threats of legal action.
12 26. Upon information and belief, Defendant's collection practices regularly include false
13    reporting to the credit bureaus.
14 27. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual
15    damages.
16 28. Defendant's actions were intentional, willful, and in gross or reckless disregard of
17    the rights of Plaintiff and as part of its persistent and routine practice of debt
18    collection.
19 29. In the alternative, Defendant's actions were negligent.

### V.  CAUSES OF ACTION

#### a.  Fair Debt Collection Practices Act

22 30. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
23 31. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15
24    U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), and 1692g.
25 32. As a direct result and proximate cause of Defendant's violations of the FDCPA,
26    Plaintiff has suffered actual damages to which Defendant is liable.

- 4 -

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)  Statutory damages of $1,000 pursuant to §1692k;

b)  Actual damages in an amount to be determined at trial;

c)  Costs and reasonable attorney's fees pursuant to §1692k; and

d)  Such other relief as may be just and proper.

DATED _____ .

**FLOYD W. BYBEE, PLLC**

*s/ Floyd W. Bybee*
Floyd W. Bybee, #012651
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff